**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**WILLIAM CHAPPELL,**

        Defendant.

---

**REPORT AND RECOMMENDATION
10-CR-6085**

### Preliminary Statement

Currently before the Court is a motion by the defendant William Chappell (hereinafter Chappell or defendant) to suppress evidence. (Docket #20).[1] The Government has filed papers in opposition to the motion. (Docket #22). Oral argument on the motion was heard by the Court on August 12, 2010. The following is my Report and Recommendation as to the defendant's suppression motions.

### Factual Background

On May 16, 2009, Village of Dansville Town Justice David Werth signed a search warrant authorizing a search of Chappell's apartment located on 49 William Street in Dansville, New York. The warrant was based on a sworn affidavit of Charles Perkins, the Chief of Police for Dansville Police Department. Chief Perkins's

---

[1] By text Order of Judge David G. Larimer, entered April 27, 2010, all pretrial motions have been referred to this Court pursuant to 28 U.S.C. § 636(b)(1)(A)-(B). (Docket #2).

affidavit, which is attached to the defendant's moving papers as exhibit "B", contains facts demonstrating ample probable cause that Chappell smoked marihuana at his apartment, had high school age children over to his apartment to smoke marijuana with him at his apartment, used high school age children to sell marijuana for him, smoked marijuana at his apartment with his 14 year old daughter and ten year old son, electronically transmitted to the cell phone of a 17 year old child at least five photographs of a nude penis. The sources of the information set forth in the warrant application included law enforcement interviews with several high school students who knew Chappell and/or the students who were selling marijuana for Chappell, the student who had received the photographs of the penis, and Chappell's son and daughter.

The search of Chappell's apartment was conducted on May 16, 2009. Among the items seized were a Samsung cell phone and a Dell laptop computer. According to the government, although the Dansville Police Department seized the laptop computer, it never "accessed or otherwise reviewed" any information stored on the computer. Instead, this aspect of the investigation of Chappell was referred to federal law enforcement agents and, on May 27, 2009, ICE Agent Matthew Myer submitted to this Court a search warrant application directed towards Chappell's laptop computer and Samsung cell phone. In his affidavit Myer informed this Court of events occurring after execution of the local search warrant.

2

Specifically, Agent Myer informed the Court that on May 19, 2009, three days after Chappell's apartment was searched, members of the Dansville Police Department interviewed a witness who stated that he saw Chappell having sex with a 16 year old child, viewed nude photo's of the child on Chappell's cell phone and was aware of Chappell's plan to transfer these images to his computer where they would be "more safe." Agent Myer also informed this Court that Dansville police officers interviewed a minor female who stated that Chappell had sent to her cell phone pictures of his penis and pictures of Chappell masturbating. Based on the foregoing, this Court signed a search warrant authorizing Agent Myer to seize the computer and cell phone from the Dansville Police Department and conduct a search of both items.

## **Discussion**

In seeking to suppress the search and seizure of the cell phone and the laptop computer, Chappell makes several arguments. First, he argues that "the application does not establish probable cause to believe that the computer and cell phones contained contraband and/or evidence of a crime." See Affirmation of Robert G. Smith, Esq. annexed to Docket #20 at ¶ 12. In the affidavit supporting the search warrant, Chief Perkins sets forth his opinion that (1) it is common for marijuana dealers and users to maintain "records of their transactions" in their residences; (2) that

3

"modern marijuana dealers maintain computers and computer programs to document various transactions and dealing relative to marijuana dealing"; and (3) cell phones are used by dealers to "arrange marijuana sales." See Search Warrant Application attached as Exhibit "B" to Docket #20. Chappell claims because Chief Perkins "failed to describe his experience with respect to marijuana dealers" or "any training he received" his conclusions are simply "unsupported opinion" and therefore evidence obtained form the cell phones and computer "should be suppressed from the use at trial." See Affirmation of Robert G. Smith, Esq. annexed to Docket #20 at ¶¶ 13-14.

The Court disagrees. While normally a supporting affidavit from a law enforcement official sets forth the officer's training and experience from which opinions are based, it was not unreasonable and in fact a matter of common sense for Judge Werth to conclude that his Chief of Police was competent to make the assertions Chappell takes issue with. Moreover, given the factual detail obtained from witnesses to Chappell's drug abuse and drug trafficking conduct, including his two children, it was reasonable for Judge Werth to conclude that Chappell was using his home to arrange the sale, distribution and use of marijuana. Thus even without an "expert opinion", it was reasonable for Judge Werth to come to a common sense conclusion that records and information relevant to marijuana sales would be found on cell phones and

4

computers found in Chappell's residence. See Illinois v. Gates, 462 U.S. 213, 231 (1983)(holding that probable cause focuses on "probabilities" not "hard certainties"); Texas v. Brown, 460 U.S. 730, 742 (1983)(stating that probable cause does not demand that good faith belief be "more likely true than false"). In any event, the Dansville Police Officer's good faith reliance upon the search warrant requires that Chappell's challenge be rejected. See United States v. Leon, 468 U.S. 897, 920-22 (1984). Significantly, Chappell fails to point out any reason why the Leon good faith exception would be inapplicable to Judge Werth's search warrant.

Chappell also claims that the Dansville Police exceeded the scope of the warrant when they searched the computer for child pornography. In making this claim, Chappell states that the "Dansville police searched the computer and cell phones for evidence of child pornography." Yet, there is nothing in Chappell's papers or supporting documents to even suggest that the local police executed the search in an effort to locate child pornography as opposed to evidence of drug trafficking. Chappell's counsel has not requested a hearing on this issue and the Court declines to speculate as to how the cell phone was searched.[2] Moreover, in responding to Chappell's suppression motion the

---

[2] This Court has not had the occasion to opine on how the "plain view" doctrine should be applied in the search and seizure of electronically stored evidence. See, e.g., United States v. Comprehensive Drug Testing Inc., Nos. 05-10067, 05-15006, 05-55354, 2010 WL 3529247 (9th Cir. Sept. 13, 2010).

5

government has represented that the local police never searched Chappell's computer, a representation that Chappell's counsel did not and still has not controverted.

Finally, Chappell argues that in seeking the federal search warrant the government failed to disclose to this Court that the local search warrant in which the cell phones and computer were seized was unconstitutional. Accordingly, Chappell claims that the evidence obtained during the search of the cell phones and computer as authorized by this Court on May 27, 2009 were "fruits" of the "constitutionally infirm" search warrant issued by Judge Werth and must be suppressed. <u>See</u> Affirmation of Robert G. Smith, Esq. annexed to Docket #20 at ¶¶ 21-25. Since I have determined that the local search warrant was properly issued and the cell phones and computer properly seized, I reject Chappell's "fruit of the poisonous tree" argument.[3]

---

[3] During oral argument of the defendant's motion to suppress, defense counsel stated that if the local and state warrants were deemed constitutional, the Court need not entertain his application for relief pursuant to <u>Franks v. Delaware</u>, 438 U.S. 154 (1978).

## Conclusion

For the foregoing reasons, it is my Report and Recommendation that both of Chappell's motions to suppress (Docket # 20) should be **denied**.

**SO ORDERED.**

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: October 15, 2010
       Rochester, New York

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).[4]

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.
**SO ORDERED.**

/s/ Jonathan W. Feldman
Jonathan W. Feldman
United States Magistrate Judge

Dated:    October 15, 2010
          Rochester, New York

---

[4] Counsel is advised that a new period of excludable time pursuant to 18 U.S.C. § 3161(h)(1)(f) commences with the filing of this Report and Recommendation. Such period of excludable delay lasts only until objections to this Report and Recommendation are filed or until the fourteen days allowed for filing objections has elapsed. <u>United States v. Andress</u>, 943 F.2d 622 (6th Cir. 1991); <u>United States v. Long</u>, 900 F.2d 1270 (8th Cir. 1990).