UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                v.

WILLIAM F. CHAPPELL,

                              Defendant.
_____

DECISION AND ORDER

10-CR-6085L

       Defendant William F. Chappell ("Chappell") was convicted by guilty plea of enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). On June 25, 2013, this Court sentenced Chappell principally to a term of imprisonment of 168 months to be followed by a term of supervised release of 10 years.

       Chappell filed a *pro se* motion (Dkt. #71) styled as a Petition for a Writ of Habeas Corpus. Chappell seeks compassionate release from imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A). The basis for the motion is the public health crisis involving the COVID-19 virus.

       The Federal Public Defender appeared on behalf of Chappell and filed a Supplemental Affirmation (Dkt. #74), as well as an Affirmation (Dkt. #78) in response to this Court's Text Order of June 8, 2020 (Dkt. #77), setting forth Chappell's release plan, should his motion be granted. The Probation Office also filed a Report (Dkt. #76) concerning Chappell and his care at the Cumberland FCI where Chappell is currently housed. The Government filed a Response (Dkt. #75) opposing release.

The basis for the motion is the COVID-19 virus which has caused the worldwide pandemic resulting in infection and death of thousands. Chappell asserts in his *pro se* filing and in counsel's Supplemental Affirmation that because of his serious preexisting medical conditions, he is especially susceptible to contracting the virus and becoming gravely ill should he become infected.

There are several factors the Court must consider in determining whether compassionate release is warranted under Section 3582(c)(1)(A). In making that determination, the burden is on the defendant to demonstrate that there are extraordinary and compelling reasons to grant the requested relief.

Defendant's criminal conduct was egregious and he received a significant sentence of 168 month imprisonment. According to his counsel, Chappell has now served over 75% of his imposed sentence. There were strict conditions of supervised release imposed because defendant's criminal conduct suggested he is a danger to the community unless closely monitored.

The Court is also aware of the Memorandum issued by the Attorney General of the United States, dated March 26, 2020, directing the Bureau of Prisons ("BOP") to prioritize the use of home confinement during this extraordinary pandemic.

The Center for Disease Control ("CDC") has set forth several medical conditions which makes one susceptible to contracting the Coronavirus. Chappell has several conditions which makes him vulnerable. The Supplemental Affirmation filed by Chappell's lawyer (Dkt. #74, p.5) lists several conditions, including Chronic Obstructive Pulmonary Disease ("COPD"), emphysema, heart disease, high blood pressure and asthma. In addition, Chappell has had significant lung issues. Both the original Presentence Report (Dkt. #68) and Probation's Report on this motion note the lung issues. The Probation Report (Dkt. #76) noted that Chappell had right lung re-sectioning on two

occasions and was hospitalized approximately 12 times due to right lung collapses over the course of a decade.

According to the Report from Probation, Chappell's medical chart is approximately 1,100 pages long. Because of his maladies, according to BOP's staff at the Cumberland facility, Chappell is at a Medical Care Level 2, and the staff advised that he is an "at risk" inmate.

On the other hand, as the Government notes in its Response, there have been relatively few incidents of COVID-19 infection at Cumberland FCI. According to the Probation Report, as of May 21, 2020 there were no inmates or staff with the virus. The Government's Response (Dkt. #75), note 2, indicates that during April 2020, six inmates had contracted the disease, but all had recovered. There have been no fatalities at the facility. The Government also notes that the Cumberland facility has significant procedures in effect to prevent the spread of the virus as best as possible. On balance, having considered all of the filings, Chappell's prior medical history, the CDC guidelines and the factors under 18 U.S.C. § 3553(a), I believe Chappell has presented extraordinary and compelling reasons for release and I grant his motion (Dkt. #71) which I deem a motion for compassionate release pursuant to 18 U.S.C. § 3583(c)(1)(A).

Chappell has suffered pulmonary issues and lung problems for years. The original Presentence Report (Dkt. #68 at ¶ 76) notes the extraordinary lung issues involving several surgeries and a lung re-sectioning and hospitalization over a dozen times involving a right lung collapse. The Probation Report on this motion (Dkt. #76) also notes Chappell's "long-documented history" of COPD, lung surgery and now having "continued pulmonary care." Because of that, he is deemed an "at risk patient" at the facility.

In addition to his serious pulmonary issues, the original Presentence Report notes defendant's other serious preexisting medical issues, including emphysema, heart disease and high blood pressure.

Chappell did seek administrative relief which was denied and has now, therefore, exhausted the required administrative requirements.

Attorney General William Barr's Memorandum of March 26, 2020 directs the BOP to prioritize the use of home confinement during the pandemic. Chappell would appear to be a prime candidate for such relief. His preexisting medical conditions are severe which the Government does not contest. Chappell suffers from several maladies specifically referenced by the CDC making one more vulnerable to contract the virus, and if infected, suffer severe consequences.

Defense counsel points out in his Affirmation (Dkt. #74 at ¶¶ 17-19) the several medical reports from the CDC and elsewhere highlighting the severe risk faced by individuals with the pulmonary lung and heart conditions like Chappell.

Defendant's criminal conduct was severe. He has served a substantial portion of that sentence and, with good-time credit, would be released in any event in about November 2021 (Dkt. #76). Chappell has been placed on supervised release for 10 years with numerous special conditions based on the nature of the crime of conviction and his prior record. To provide further control and supervision, I add the additional condition that Chappell be placed on home confinement for 18 months at the address in Wayland, New York, described in counsel's Affirmation (Dkt. #78). Defendant is to comply with all aspects of the release plan outlined in that Affirmation.

Accordingly, it is hereby ORDERED:

(1) That defendant William F. Chappell's motion (Dkt. #71) which is deemed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) is GRANTED.

(2) Defendant William F. Chappell's sentence of imprisonment is hereby reduced to TIME SERVED and he is Ordered to be IMMEDIATELY RELEASED.  The Court directs the Bureau of Prisons at FCI Cumberland to immediately commence the process for releasing the defendant from custody and the United States Attorney's Office and the Probation Office for the Western District of New York are directed to take all steps to communicate with the Bureau of Prisons and to facilitate that relief.  The Bureau of Prisons is directed to provide the defendant with funds and costs of transportation, if necessary, to defendant's bona fide residence in the Western District of New York at Wayland, New York, pursuant to 18 U.S.C. § 3624(d).

(3) Defendant has been placed on supervised release for a period of 10 years, and he must serve the first 18 months of that term of supervised release on home confinement at the residence identified in his release plan set forth in counsel's Affirmation (Dkt. #78) in Wayland, New York.  The defendant will be confined to that residence at all times, absent approval by the Probation Office for travel to medical or other treatment appointments.

(4) Following the defendant's release from FCI Cumberland, he must travel directly to Wayland, New York and rigidly self-quarantine for at least fourteen (14) days after entry into the designated residence, and thereafter comply with all conditions of home confinement according to this Order and the defendant will be supervised by Federal Probation according to all the terms and conditions of supervised release that this Court imposed in the original Judgment and Commitment.

ALL OF THE ABOVE IS ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated:  Rochester, New York
            June 19, 2020.